IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEATRICE BURGESS-LESTER,**
as Conservator of the Person and Estate of
**BARBARA JENICE LESTER,**

        **Plaintiff,**

v.                                                   Civil Action No.: 1:06cv43

**FORD MOTOR COMPANY,**
A Delaware Corporation,

        **Defendant.**

## OPINION/ORDER

This matter is before the Court pursuant to Defendant "Ford Motor Company's Motion to Compel" [DE 62], Plaintiff's "Opposition" [DE 67], and Defendant's "Reply" [DE 68]. This matter was referred to the undersigned by Chief United States District Judge Irene M. Keeley on August 25, 2006 [De 61].

Defendant moves to compel responses to its Second Set of Interrogatories served on May 24, 2006, and its Third Set of Interrogatories served on July 21, 2006. Plaintiff objected to the Interrogatories based upon their being in excess of the limits on Interrogatories to which the parties agreed in their Rule 26(f) Planning Meeting, as reflected in the parties' "Report of Planning Meeting" filed on June 26, 2006. The parties agreed to forty (40) Interrogatories each.

Defendant argues in part that the additional Interrogatories are required because, at a hearing before Chief District Judge Keeley on July 18, 2006, the Judge allowed the parties until October 31, 2006, to conduct discovery on the narrow issue of whether Barbara Jenice Lester was legally incompetent for purposes of tolling the statute of limitations in this matter. Plaintiff argues that Ford was already on notice that Plaintiff would be arguing that Ms. Lester suffered disabling brain

injuries, and should therefore not be permitted further discovery on the issue. A review of the transcript of the July 18, 2006, hearing, however, reveals that it was Plaintiff, not Defendant, who represented to the Court that additional time and evidence was necessary to develop the record regarding the issue. To this Court it seems illogical that counsel for Defendant should be expected to have more information regarding Ms. Lester's mental capacity and competency with respect to tolling of the statute of limitations applicable in this case than counsel for Plaintiff. Additionally, the Court finds the language used by District Judge Keeley during the hearing contemplates further discovery by both parties.[1]

---

[1]At the conclusion of the hearing, the Court stated:

Well, okay, based on this filing, as well as all of the other information in the record, when the evidence is viewed in light most favorable to the plaintiff, it is clear that on the current record there is no dispositive statement under the Harper standard that Ms. Lester is incapable of caring for her property or transacting business, of understanding the nature and effects of her acts, and of comprehending her legal rights and liabilities.

However, the Court finds that there is a sufficient question of a factual nature as to whether Ms. Lester's mind and mental status involves a condition which would lead to the medical opinion that when it came to her property, her business, understanding the nature and effect of her acts, and of comprehending her legal rights and liabilities, that there - - that factual question is at this point unsettled and material as to whether this case should go forth.

**I'm going to give the parties three months and that's it.** I don't care if the doctors don't want to cooperate, Mr. Webb. You've got three months to build a case on this one and to get back to me on the Harper standard.

I've got a lot of information in here that could go in a hundred different directions but it doesn't tell me whether the Harper standard's been met.

Mr. Washington, while the defendant has made a very strong case at this point, based on the absence [of evidence,] the plaintiff on the other hand has shown that there are issues that are germane to this question that are out there that would indicate that Barbara Lester has a possible organic brain injury which would be based on the frontal lobe trauma if in fact that - - the doctor say it's there. We at least have that in the record. And whether as a consequent of that, there is a

The Court therefore **GRANTS** Defendant's request that the limitation on Interrogatories be extended by twenty (20). However, any Interrogatories that exceed the agreed-upon forty (40) are expressly limited to those that are relevant to the narrow issue of Ms. Lester's mental capacity and competency with respect to tolling of the statute of limitations applicable in this case.

With respect to Defendant's Second Set of Interrogatories and Third Set of Interrogatories, the Court first notes that the Second Set of Interrogatories was filed prior to the July 18th hearing before the District Judge, and therefore could not have been affected by the hearing. The Court finds these Interrogatories are therefore subject to the parties' agreed limitation. The Court additionally finds Defendant's Third Set of Interrogatories, although served immediately following the hearing, did not request information regarding Ms. Lester's competency or mental capacity. These Interrogatories are therefore also subject to the parties' agreed limitation.

Defendant's Motion to Compel Responses to its Second and Third Sets of Interrogatories is therefore **DENIED**.

In order to comply with the District Judge's deadline, the Court Orders as follows:

• Defendant shall serve its Interrogatories (as expressly limited in this Order to Ms. Lester's mental capacity and competency with respect to tolling of the statute of limitations applicable in this case) on or before September 26, 2006.

• Plaintiff shall serve her Responses to the Interrogatories on or before October 16, 2006.

---

conclusion from a medical prospective that would warrant the legal finding that the statute was tolled after the accident. (emphasis added by the Court).

And that to me is the critical question here and I think a very difficult one . . . .

So today is July the 18th so we're looking at, I guess what I should do is round it out and give you till the end of October to do the discovery on this issue, which would be Tuesday, October 31st.
Then I would like briefs filed updating this issue.

- Defendant shall file any Motion to Compel it deems necessary regarding Plaintiff's Responses on or before October 26, 2006.

- A hearing on any Objections and/or Motion to Compel shall be held by the undersigned United States Magistrate Judge on Friday, October 27, 2006, at 1:00 p.m., at the Clarksburg point of holding court. If no Motion to Compel is filed, this hearing will automatically be cancelled with no further notice required from the Court.

- For docketing purposes, Defendant's Motion to Compel [DE 62] is GRANTED IN PART AND DENIED IN PART.

- The Clerk is directed to send copies of this Order to all counsel of record.

It is so ORDERED.

Dated: September 18, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE