IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEATRICE BURGESS-LESTER, as
Conservator of the Person and
Estate of BARBARA JEAN LESTER,

        Plaintiff,

v.                       //    CIVIL ACTION NO. 1:06CV43
                                    (Judge Keeley)

FORD MOTOR COMPANY,
a Delaware Corporation,

        Defendant.

## ORDER DENYING DEFENDANT'S *DAUBERT* CHALLENGE AND MOTION FOR SUMMARY JUDGMENT

Before the Court is the defendant, Ford Motor Company's ("Ford's"), motion to exclude certain opinions of the plaintiff's neuropsychiatrist, James R. Merikangas, M.D. (Dr. Merikangas), pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), (doc. no. 90), and its motion for summary judgment (doc. no. 111). On August 1, 2007, the Court conducted a hearing on Ford's Daubert challenge to the proposed expert opinions of Dr. Merikangas on behalf the plaintiff, Leatrice Burgess-Lester. During that hearing[1], Dr. Merikangas opined for the first time that Barbara Jenice Lester ("Lester") met the West Virginia standard for "insanity" as it pertains to the tolling of the statute of limitations under W.Va. Code § 55-2-15 from the time of the October

---

[1] The Court found Dr. Merikangas qualified as an expert in the fields of neurology and psychiatry for the purposes of the August 1, 2007 hearing.

**Burgess-Lester v. Ford**                                                           **1:06CV43**

## ORDER

27, 2002 automobile accident that gives rise to the substantive claims in this case.

Dr. Merikangas's opinion made a retrospective assessment of Lester's mental state immediately following her October 27, 2002 accident and was based in large part on his neurologic examination of Ms. Lester almost four years after the accident. Given its role as "gatekeeper" under Daubert, the Court ordered the parties to supplement their briefs to address the issue of whether Dr. Merikangas's methodology in arriving at that retrospective opinion is "scientifically valid and . . . properly can be applied to the facts in issue." Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001).[2] On August 14, 2007, the parties filed their supplemental briefs on the issue.

In forming his proposed expert opinion that Lester was rendered "insane" immediately following her October 27, 2002 automobile accident, Dr. Merikangas made a retrospective assessment of Lester's mental state after evaluating her extensive medical records, her neurologic history, reports from Lester's mother regarding her behavior before and after the accident, and PET scan results. The reliability of this methodology for arriving at a

---

[2] In the federal system, the burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence. See Higginbotham v. KCS Int'l, Inc., 85 Fed. Appx. 911 (4th Cir. 2004).

retrospective assessment of a person's mental state finds support in peer-reviewed literature and the relevant medical communities.

In arriving at a neurological diagnosis, "[t]he importance of the clinical history cannot be overemphasized." <u>DeJong's The Neurologic Examination</u>, (J.B. Lippincott Co. 1992, Fifth ed.). When a practitioner takes such a history, "[t]he essentials . . . should be obtained from the patient himself." <u>Id.</u> Further, "[m]embers of the family may also be able to give important information about changes in behavior, memory, hearing, vision, speech, or coordination of which the patient may not be aware." <u>Id.</u> Moreover, while "a standard methodology" does not exist for making such a diagnosis retrospectively, "[r]etrospective clinical evaluations of mental states are performed regularly, finding general acceptability in the psychiatric and psychological community." <u>Retrospective Assessment of Mental States in Litigation</u>, (American Psychiatric Publishing, Inc. __).

After thorough consideration of the testimony of Dr. Merikangas and the oral arguments of the parties at the August 1, 2007 hearing, and after reviewing their supplemental briefs and the numerous attachments to those briefs, the Court finds by a preponderance of the evidence that Dr. Merikangas's proposed expert opinion, that Lester was rendered "insane" immediately following

her October 27, 2002 automobile accident, is reliable and survives Ford's Daubert challenge. Accordingly, the Court **DENIES** Ford's motion to exclude certain opinions of Dr. Merikangas pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). (Doc. No. 90.)

Furthermore, given the admissibility of that opinion, a genuine issue of material fact regarding Lester's competency following the October 27, 2002 accident exists sufficient to defeat summary judgment under Fed.R.Civ.P. 56. Accordingly, the Court also **DENIES** Ford's motion for summary judgment. (Doc. No. 111.)

Finally, the Court will conduct a Scheduling Conference in this case on **Thursday, September 20, 2007 at 11:00 a.m.** Counsel may appear by telephone, and the Court directs plaintiff's counsel to arrange a conference call to chambers at (304) 624-5850, if necessary.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: August 27, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE