IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEATRICE BURGESS-LESTER, as
Conservator of the Person and
Estate of BARBARA JEAN LESTER,**

    **Plaintiff,**

v.          //   CIVIL ACTION NO. 1:06CV43
              (Judge Keeley)

**FORD MOTOR COMPANY,
a Delaware Corporation,**

    **Defendant.**

### ORDER GRANTING DEFENDANT'S MOTION FOR A
### SEPARATE TRIAL ON THE STATUTE OF LIMITATIONS ISSUE

Pending before the Court is the defendant, Ford Motor Company's ("Ford's"), motion, pursuant to Federal Rule of Civil Procedure 42(b), seeking to bifurcate the trial on its statute of limitations defense from the liability and damages phases of this case. (Doc. No. 152). Ford urges that by doing so the court will avoid confusion of the issues, promote judicial economy and avoid substantial prejudice against Ford. It argues that the statute of limitations defense is a gateway issue which, should the jury find in its favor, ends the case. It also asserts that, were all the evidence heard together, a jury might confuse the distinction between Ford's statute of limitations defense and the plaintiffs' case on liability and damages. It fears the jury might seek to punish Ford for alleged "evil" conduct by finding for Lester on the statute of limitations issue.

**ORDER GRANTING DEFENDANT'S MOTION FOR A SEPARATE TRIAL ON THE STATUTE OF LIMITATIONS ISSUE**

Lester claims that Ford is exaggerating the amount of time necessary to present the liability and damages evidence to the jury. Although Ford estimates that it could take two to three weeks to present the liability phase of the case to the jury, Lester believes such evidence could be presented in a mere few days. She also asserts that the damages issues are inextricably intertwined with the statute of limitations defense because the same out-of-state expert witnesses who will testify about the issues relating to issue raised by the statute of limitations defense may need to be recalled to testify in the damages phase, all at great expense to Lester. She also asserts that, if the statute of limitations defense is tried alone, she will be prejudiced by evidence indicating that the accident was a single vehicle accident. Lester argues that this evidence might cause the jury to assign blame to Lester and find for Ford.

In reply, Ford contends that a single trial will allow Lester to portray Ford's assertion of the defense of the statute of limitations as a technicality or a sham. It also argues that its statute of limitations defense is not intertwined with the plaintiff's damages because the defense has nothing to do with how Lester was injured. According to Ford, the fact that Lester has chosen to use the same experts to testify as to both issues does

**ORDER GRANTING DEFENDANT'S MOTION FOR A SEPARATE TRIAL ON THE STATUTE OF LIMITATIONS ISSUE**

not necessarily intertwine those issues. To minimize her expenses, Ford suggests that Lester could use deposition transcripts, live video feeds or Ford could even pay the travel expenses for Lester's out-of-state witnesses, should this case proceed to the liability phase.

The Court has thoroughly considered the arguments of the parties and finds both sides raise issues of merit. By a preponderance of the evidence, however, it concludes that bifurcating the trial on the issue of Ford's statute of limitations defense would promote convenience, avoid prejudice and be conducive to expedition and judicial economy. As Ford persuasively argues, evidence of the cause of Lester's injures is irrelevant to Ford's statute of limitations defense. The only evidence about Lester's injuries relevant to the statute of limitations issue is testimony relating to whether she was rendered incompetent at the time of the accident so as to toll the statute of limitations. If the jury concludes that Lester was not rendered incompetent sufficient to toll the statute, the case will end. Should the jury find otherwise, the case would proceed on the issues of liability and damages.

Any alleged inefficiency due to the possibility of repetitive testimony as suggested by Lester is far outweighed by the

**Burgess-Lester v. Ford**                                          1:06CV43

**ORDER GRANTING DEFENDANT'S MOTION FOR A SEPARATE TRIAL ON THE STATUTE OF LIMITATIONS ISSUE**

possibility that this trial could consume days instead of weeks. Moreover, Lester's assertion that trying the statute of limitation issue separately would prejudice her unfairly is unpersuasive.

Accordingly, the Court **GRANTS** Ford's motion to bifurcate the trial on the statute of limitations issue (Doc. No. 152) and bifurcates the trial into two phases. In the first phase the jury will determine the merits of Ford's statute of limitations defense. After the jury renders a verdict on that question, it will, if necessary, hear the parties evidence on the remaining liability and damages issues.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: October 22, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE